UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ANTON PURISIMA,

                                                Civil No. 16-2906 (NLH/JS)

           Plaintiff,          **MEMORANDUM OPINION & ORDER**

v.

TD BANK, PEOPLE'S REPBULIC OF
CHINA, JOHN DOES 1-1.3 BILLION,

           Defendants.
_____

**APPEARANCES:**

Anton Purisima
300 9th Avenue
New York, NY 10001

    *Plaintiff Pro Se*

**HILLMAN, District Judge:**

    This screening follows the filing of Plaintiff Anton Purisima's complaint and *in forma pauperis* (IFP) application [Doc. No. 1].  For the following reasons, the Court will grant Plaintiff's application to proceed IFP and dismiss Plaintiff's complaint without prejudice.

    Under the Prison Litigation Reform Act (PLRA) the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to *sua sponte*

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A "document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).

In considering whether the plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).

The Court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhoades, 416 U.S.

2

232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

Here, Plaintiff alleges that there is "wrong and fraudulent information" in his TD Bank statements, purposefully generated as an "intentional insult" based upon his Filipino national origin.  (Compl. at 14.)  Plaintiff further alleges TD Bank is conspiring with Chinese employees of TD Bank who are also employed by the "People's Republic of China" to steal his money.  (Compl. at 3.)  Plaintiff alleges claims under Title II of the Civil Rights Act of 1964, "public accommodation violations" pursuant to 42 U.S.C. 2000a-6, and "retaliation."  He requests "11 decillion dollars" in damages.  (Compl. at 4.)

While Plaintiff identifies numerous TD Bank statement entries he alleges are fraudulent, Plaintiff fails to plausibly allege how these false charges are related in any way to discrimination based on his national origin.

Additionally, the Court finds that the complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Specifically, Plaintiff's 18-page complaint does not contain factual averments to support his

3

claims for relief that he was discriminated against based on his national origin.[1]

Accordingly,

IT IS on this  2nd  day of  June , 2016

ORDERED that Plaintiff's IFP application [Doc. No. 1) be, and the same hereby is, **GRANTED**, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk is directed to mark this matter as CLOSED.

                                                s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[1] The Court notes that Plaintiff was barred from filing *in forma pauperis* complaints in the Eastern District of New York in 2012 for his duplicative and vexatious filings.  See Purisima v. Bo Xilai, No. 11-5523, 2012 WL 293772 (E.D.N.Y. Jan. 31, 2012).

4